UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IVAN A INGRAM,

                 Plaintiff,

    v.

CINDY THURMON,

                 Defendants.

Case No. C19-5378 RBL-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a proposed civil rights complaint. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before July 5, 2019, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

## DISCUSSION

*Failure to State a Claim*

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Plaintiff must allege a plausible set of facts that would show he is entitled to any relief. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Here, plaintiff alleges that Kitsap County Jail has a policy of increasing the prices sold in its commissary to prisoners and their families. Plaintiff alleges that an exorbitant difference in price, between the procurement price of the goods from the Keefe Commissary Network and the price at which the goods are sold, violates his 14th Amendment rights as a "consumer." Plaintiff appears to allege that the jail misleadingly claims such profits are either non-existent or directed toward the inmates' benefit. Plaintiff has named Cindy Thurmon, Kitsap County Jail Administration Secretary, as defendant, claiming that she is "involved" and has "knowingly marked up commissary items."

*14th Amendment Claim*

While plaintiff has alleged behavior that may be distasteful, the facts alone do not rise to the level of a constitutional violation warranting relief. Price gouging may be improper, but prisoners and their families do not have a right to cheap commissary prices. "Even if Plaintiff is charged exorbitant amounts, no constitutional claim is stated." *Register v. Helder*, 2015 U.S. Dist. LEXIS 141216, *5, (W.D. Ark. July 30, 2015). *See Montgomery v. Mancuso*, 2013 U.S. Dist. LEXIS 123266 (W.D. La. Aug. 23, 2013)("The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible"); *McKnight v. Taylor*, 2012 U.S. Dist. LEXIS 166143, *17 (D.N.J. Nov. 20, 2012)("Prisoners have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant prices").

*8th Amendment Claim*

Plaintiff's allegations might be construed as a constitutional violation of the Eight Amendment, if only the facts indicated the increased prices resulted in a deprivation of "the minimal civilized measure of life's necessities." *See Hudson v. McMillian*, 501 U.S. 1, 9 (1992). However, as plaintiff's complaint fails to allege any such harms, he has not alleged any violation of a federal constitutional or statutory right. Accordingly, plaintiff has not stated a claim against the defendant under § 1983. For these reasons, plaintiff's complaint will not be served.

## CONCLUSION

Accordingly, plaintiff shall show cause why his complaint should not be dismissed or file an amended complaint to cure those deficiencies, if possible, **on or before July 5, 2019**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the

amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action under 28 U.S.C. § 1915, and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 7th day of June, 2019.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT - 4