UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IVAN A INGRAM,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>CINDY THURMON,<br><br>　　　　　　　Defendants. | Case No. C19-5378 RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **August 23, 2019** |

This matter is before the court on plaintiff's filing of an amended complaint pursuant to this court's prior order (Dkt. 5). Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to Magistrate Judge Theresa L. Fricke. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, plaintiff's amended complaint remains fatally deficient. Therefore the court recommends that this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

REPORT AND RECOMMENDATION - 1

1    Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

    Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Plaintiff must allege a plausible set of facts that would show he is entitled to any relief. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

    In his amended complaint, plaintiff alleges again that Kitsap County Jail has a policy of increasing the prices sold in its commissary to prisoners and their families. Dkt. 7 at 3. He indicates that there is no notice to customers of the commissary that funds will benefit the jail. *Id.*, at 4. Plaintiff alleges that a great difference in price, between the procurement price of the goods and the price at which the goods are sold, indicates that the jail is "fraudulently retaining

REPORT AND RECOMMENDATION - 2

1  funds" that would rightfully go to the Keefe Commissary Network or Access Securepak, from
2  which the jail procures the goods sold to inmates. *Id.*, at 2. Plaintiff appears to allege that the jail
3  misleadingly claims not to have control over or any interest in profits generated by the
4  commissary. Plaintiff has named Cindy Thurmon, Kitsap County Jail Administration Secretary,
5  as defendant, although his amended complaint does not detail any acts linking her to alleged
6  constitutional violations. *Id.*, at 1. The amended complaint describes instead how the defendant
7  refused to notarize the plaintiff's original tort claim and told him he "didn't know what he was
8  talking about" regarding the jail's finances. *Id.*, at 5.

*Fourteenth Amendment Claim*

Plaintiff's amended complaint has failed to present facts that rise to the level of a constitutional violation warranting relief. Plaintiff has attempted to reform his prior allegation of price-gouging into an accusation that Kitsap County Jail is defrauding the commissary of profits by overcharging prisoners. However, as a prisoner who is a customer of the commissary, plaintiff only has standing to argue the same underlying alleged violation against him, and not fraud against the Keefe Commissary Network or Access Securepak. Therefore, the court construes plaintiff's amended complaint as most properly presenting nearly the same facts to argue essentially the same claim, that plaintiff's rights have been violated by the price difference between procurement and sale.

Prisoners do not have a right to cheap commissary prices, whether prices are set by the jail or the vendor. "Even if Plaintiff is charged exorbitant amounts, no constitutional claim is stated." *Register v. Helder*, 2015 U.S. Dist. LEXIS 141216, *5, (W.D. Ark. July 30, 2015). See *Montgomery v. Mancuso*, 2013 U.S. Dist. LEXIS 123266 (W.D. La. Aug. 23, 2013)("The law is clear that inmates have no constitutionally protected interest in purchasing goods through the

prison commissary at the cheapest price possible"); McKnight v. Taylor, 2012 U.S. Dist. LEXIS 166143, *17 (D.N.J. Nov. 20, 2012)("Prisoners have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant prices").

Plaintiff has failed to show that his equal protection or due process rights have been violated under the Fourteenth Amendment.

*Eighth Amendment Claim*

Plaintiff's allegations might be construed as a constitutional violation of the Eight Amendment, if only the facts indicated the increased prices resulted in a deprivation of "the minimal civilized measure of life's necessities." See *Hudson v. McMillian*, 501 U.S. 1, 9 (1992). However, as plaintiff's complaint fails to allege any such harms, he has not alleged any violation of a federal constitutional or statutory right.

*Personal Participation*

Claims under § 1983 also require that plaintiff properly allege the participation of the named defendant, such that the defendant is shown to have caused or personally participated in the deprivation of any federally protected right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff's amended complaint, however, has failed to include facts that indicate that defendant Cindy Thurmon committed any acts or omissions related to a price-fixing scheme by Kitsap County Jail. Beyond a brief description of an encounter with defendant, in which defendant expressed her disbelief that plaintiff's claim had merit (that plaintiff didn't "know what he was talking about"), plaintiff did not detail any conduct by defendant indicating that she caused a deprivation of plaintiff's rights. Dkt. 7 at 5.

Accordingly, plaintiff has not stated a claim against the defendant under § 1983. For these reasons, plaintiff's complaint should not be served, but should be dismissed without prejudice.

CONCLUSION

Plaintiff has already been granted the opportunity to state a viable constitutional claim by filing an amended complaint, but has failed to cure the listed deficiencies, without any indication the deficiencies discussed above can be cured. Accordingly, the court recommends dismissal without prejudice of this action for failure to state a claim under 42 U.S.C. § 1983.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **August 23, 2019**, as noted in the caption.

Dated this 8th day of August, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5